**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4149**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ADRIAN G. VANLEEN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:07-cr-00027-GMG-DJJ-1)

_____

Submitted: August 14, 2013      Decided: August 21, 2013

_____

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian G. Vanleen appeals the district court's judgment revoking his supervised release and sentencing him to three months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by imposing a three-month sentence, given the sentencing factors set forth in 18 U.S.C. § 3553(a) (2006), and whether the magistrate judge erred in finding probable cause to forward the case to the district court for a final revocation hearing. After a careful review of the record, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory range and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "In determining whether a sentence is plainly unreasonable, we first decide whether the sentence is unreasonable, . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. In this inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478

2

F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the U.S. Sentencing Guidelines Manual Chapter Seven advisory policy statement range and explains the sentence adequately, after considering the policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide "whether it is 'plainly' so." Moulden, 478 F.3d at 657.

Counsel does not claim that Vanleen's sentence is procedurally unreasonable. Rather, counsel asserts that the sentence is substantively unreasonable because it is "greater than necessary" to achieve the purposes of sentencing. Specifically, counsel argues that the sentence overstates the seriousness of Vanleen's misconduct and fails to take into account his age and health. The district court imposed a sentence at the low end of Vanleen's applicable Guidelines range of three to nine months, fully explaining its decision to impose

the three-month sentence and taking into account the nature of Vanleen's misconduct and his age. We therefore conclude that the sentence is not plainly unreasonable.

Counsel also questions whether the magistrate judge erred in determining that there was probable cause to forward the case to the district court. In making a finding of probable cause, a magistrate judge must "simply . . . make a practical, common-sense decision whether, given all the circumstances . . . before him, . . . there is a fair probability that" the individual violated the terms of supervised release. Illinois v. Gates, 462 U.S. 213, 238 (1983). Based on the information presented during Vanleen's preliminary revocation hearing, we conclude that the magistrate judge had probable cause to believe that Vanleen committed violations of his supervised release.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Vanleen, in writing, of the right to petition the Supreme Court of the United States for further review. If Vanleen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vanleen.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>